Prober & Raphael
A Law Corporation
Dean R. Prober, Esq., #106207
Lee S. Raphael, Esq., #180030
Cassandra J. Richey, Esquire #155721
David F. Makkabi, Esquire #249825
Melissa Vermillion, Esquire #241354
William K. Hong, Esquire #266690
20750 Ventura Boulevard, Suite 100
P.O. Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100
Attorneys for Secured Creditor U.S. Bank, N.A. successor in interest to the FDIC as receiver for Downey Savings and Loan Association, FA
D.074-130

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In Re | ) | Bk. No. 08-45371 |
|---|---|---|
| BARBARA LEE SMITH, | ) | R.S. No. DRP-709 |
| Debtor. | ) | CHAPTER 13 |
| | ) | **AGREED ORDER RE ADEQUATE PROTECTION** |
| | ) | Hearing – 4/23/10 at 10:00 a.m. |
| | ) | Place: U.S. Bankruptcy Court |
| | ) | 1300 Clay Street, 2nd Floor |
| | ) | Oakland, California |
| | ) | Courtroom 215 |

IT IS HEREBY AGREED by and between Secured Creditor, U.S. Bank, N.A. successor in interest to the FDIC as receiver for Downey Savings and Loan Association, FA, its assignees and/or successors in interest, through its counsel, Dean R. Prober, Esq., of Prober & Raphael, and Debtor Barbara Lee Smith, through her counsel, Steven L. Jacobs, Esq., and the Chapter 13 Trustee, Martha G. Bronitsky as follows:

1.   Debtor shall maintain the regular monthly payments on Secured Creditor's loan obligation, encumbering the subject Property, generally described as 2118 Alexander Way, Pleasanton, California, in a timely fashion, commencing with the April 1, 2010 payment. Payments on Secured Creditor's loan obligation shall be made to Secured Creditor, U.S. Bank, N.A., 3501 Jamboree Road, 3rd Floor, Newport Beach, California 92660, Attention: Bankruptcy Department.

2.   Debtor shall pay off arrearages in the total amount of $3,246.82, representing the balance of February 1, 2010 payment, March 1, 2010 payment ($1,244.32) plus late charges ($302.67) and inspection fees ($18.27). Said arrearages shall be paid in monthly installments of $541.14 per month, commencing on May 15, 2010, and continuing on the 15th of each month thereafter until September 15, 2010; with the balance of $541.12 to be paid on or before October 15, 2010.

3.   Debtor shall pay to Secured Creditor the sum of $800.00, representing its attorneys' fees incurred in bringing this action. Said fees shall be paid through the Debtor's Chapter 13 Plan. Secured Creditor may file an Amended Proof of Claim to reflect the addition of said fees.

4.   In the event of a default of any provisions as set forth in Paragraphs 1 or 2 hereinabove, Secured Creditor may, after a ten-day notice of default mailed to Debtor and faxed *and* mailed to Debtor's counsel, file and serve a Declaration Re Non-Compliance and an Order Terminating the Automatic Stay. Upon the filing of such Order, the Automatic Stay with respect to subject Property shall lift immediately, without further Order of the Court.

5.   In the event the instant bankruptcy proceeding is dismissed or discharged, this Order shall be terminated and have no further force or effect.

6. Any funds received by Secured Creditor, which are subsequently returned for non-sufficient funds, including funds received and applied prior to the terms of this Order, shall be subject to the default provisions contained herein.

Approved as to form and content:

Dated: March 30, 2010         By /s/ Dean R. Prober
                              DEAN R. PROBER, ESQUIRE, #106207
                              Prober & Raphael, A Law Corporation
                              Attorneys for Secured Creditor


Dated: April 22, 2010         By: /s/ Steven L. Jacobs
                              Steven L. Jacobs, Esq.
                              Attorney for Debtor


The Standing Trustee's signature represents that the Standing Trustee asserts no interest in the asset, which is the subject of this stipulation for modification of the automatic stay. The Standing Trustee's signature is affixed on the condition that the debtor agrees to the terms herein, and that the debtor has been fully advised by debtor's counsel. The signature of counsel for the debtor signifies the foregoing condition.


Dated: April 28, 2010         By: /s/ Martha G. Bronitsky
                              Martha G. Bronitsky
                              Chapter 13 Trustee